*Law Library*

FILED
SUPERIOR COURT
OF GUAM

2013 JAN 25 AM 11: 00

CLERK OF COURT
BY: _____



**IN THE SUPERIOR COURT
OF GUAM**

THE PEOPLE OF GUAM, )     CRIMINAL CASE No. CF 0517-12

    )

v.     )

    )     **DECISION AND ORDER**

EREK MANAKY,     )     On Defendant's Motion to Disqualify

    )     the Office of the Attorney General

         Defendant.     )

    )

### INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on November 7, 2012 on Defendant's Motion to Disqualify the Office of the Attorney General. The People of Guam were represented by Assistant Attorney General Christina Lum. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion to Disqualify the Office of the Attorney General.

### FACTUAL HISTORY

The Defendant was indicted on one count each of felony *Family Violence* and *Aggravated Assault* for an alleged incident involving his wife. On September 1, 2012 the Dededo police precinct received a call that a man was beating a woman in the street near the caller's home. Upon responding to the call, the police interviewed a second neighbor who claimed to have seen the victim run by her house, followed shortly thereafter by the alleged perpetrator. The accounts of the two witnesses, as well as the physical and mental state of the victim, lead to the Defendant's arrest and the current charges against him.

The Defendant has now filed a motion to disqualify the entire Attorney General's Office from the case. The Defendant's argument is based on the fact that the second witness, a female neighbor, is employed by the Prosecution Division of the Attorney General's Office. The Defendant argues that the second witness "would want to please her co-workers and that because she is on the payroll she would be more favorable to the prosecution." The People timely filed an opposition arguing that any potential conflict has been effectively addressed by screening the female employee from the case. For the following reasons, the Court agrees with the People.

## DISCUSSION

The Defendant has filed a motion to disqualify the Attorney General's Office ('AG's Office') from prosecuting his case. The sole basis of his motion is the employment status of a witness to the alleged crime. The Defendant specifically argues that it is necessary to disqualify the entire office because Ms. Eloise Bejosano, referred to as 'the second witness' in the pleadings, is employed by the Prosecution Division of the AG's Office. This employment, according to the Defendant, "gives the appearance of impropriety" and compromises his case.

The People timely filed an opposition arguing that the AG's Office has addressed the potential appearance of impropriety by erecting a conflict wall. This wall prevents the employee from participating in the case, hearing any details of the case, or having access to the case files. The People additionally stress that Ms. Bejosano is neither a prosecutor nor an attorney, but is a legal secretary with minimal involvement in any given criminal action. Finally, the People argue that the Defendant must first call into question the efficacy of the existing conflict wall before seeking disqualification of the entire office.

Both parties rely on the Guam Supreme Court case of *People v. Tennessen* to support their disparate positions. The defendant in *Tennessen*, a former police officer, was ultimately

convicted of *Theft of a Firearm* and *Official Misconduct* for stealing two guns from an unrelated case for his own personal use. At the time his indictment was issued, Tennessen was a witness in an active criminal case against then Attorney General Douglas Moylan. In response to the defendant's motion to dismiss the indictment for conflict of interest, the Superior Court judge denied the motion and required the AG's Office to erect a conflict wall between Tennessen and the Attorney General.

On appeal of his conviction, Tennessen was able to prove to that the conflict wall erected by the AG's Office had not been effective. In vacating his judgment of conviction and remanding the case for further proceedings, the Supreme Court elucidated when it becomes necessary to disqualify the entire AG's Office. Disqualification may be necessary where there exists "a conflict based on a personal interest in the litigation or on a personal relationship with the accused." *People v. Tennessen*, 2009 Guam 3, ¶ 33 (citing *People v. Doyle*, 406 N.W.2d 893, 899 (Mich.Ct.App.1987). However, an examination of case law from multiple jurisdictions, revealed that "where conflict walls are effectively implemented, disqualification of the entire office may be unnecessary." *Id.* at ¶ 34. This lead the Supreme Court to conclude that "disqualification of the AG's Office would only be necessary if the particular conflicted attorney were not properly screened from the case." *Id.* at ¶ 37.

In the present case, the conflict wall has not been breached and the Witness has neither a personal interest in the litigation, nor a personal relationship with the accused. These facts are not analogous to those in *Tennessen*. Tennessen's conviction was vacated after he was able to offer proof that the conflict wall erected around the Attorney General had been breached. The evidence that Tennessen offered demonstrated that Attorney General Moylan, who supervised and employed the prosecutors on Tennessen's case, had knowledge of the case in violation of the

court-ordered conflict wall. Additionally, the Attorney General had an established personal interest in the defendant's litigation and a personal relationship with the accused as Tennessen was testifying against him in a separate criminal matter.

The Witness's employment with the AG's Office does not impugn the prosecutor assigned to the case, nor the AG's Office as a whole. No evidence has been presented to establish that the Witness has a personal interest in the litigation or a personal relationship with the accused. In *Tennessen*, the defendant was testifying against the Attorney General in a separate case. The other cases heavily relied upon by the Supreme Court in reaching their decision to vacate Tennessen's conviction, also involved a close relationship between the defendant and a prosecuting attorney involved with the case. *People v. Choi*, involved "a district attorney's office prosecuting a defendant who was suspected of killing the District Attorney's personal friend." *Id.* at ¶ 42 (citing *People v. Choi*, 94 Cal.Rptr.2d 922, 926 (Ct.App.2000)). Similarly, the case of *People v. Doyle* involved whether "the disqualification of a supervising prosecutor requires disqualification of the entire office." *Id.* at ¶ 33 (citing *People v. Doyle*, 406 N.W.2d 893, 899 (Mich.Ct.App.1987).

Because the Witness has been screened from the Defendant's case any potential conflict of interest has been adequately addressed by the AG's Office. The Witness is not an attorney within the Prosecution Division and there is no evidence of a personal interest in the outcome of the litigation, nor a personal relationship with either the Defendant or the alleged victim. Unlike *Tennessen* and the other cases examined by the Supreme Court, the Witness is a not a party to the criminal action. The Defendant claims that the Witness will "want to please her co-workers," perhaps insinuating that the Witness might lie. If this is the Defendant's concern, it is addressed by the ability of the Defendant to cross examine the Witness upon testifying.

## CONCLUSION

Based on the foregoing, the Court finds insufficient grounds to support a disqualification of the Attorney General's Office. Accordingly, the court DENIES the Defendant's Motion to Disqualify the Office of the Attorney General. Further Proceedings are set for ___1 - 25___ 2013 at 9am.

SO ORDERED, this 25th day of January 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JAN 2 5 2013

Glennie J. Mendiola
Deputy Clerk, Superior Court of Guam